| | |
|---|---|
| Charles J. Hyland | Daniel E. Doherty |
| Hyland Law Firm LLC | DE Doherty Law Office, LLC |
| Commerce Plaza I | Commerce Plaza I |
| 7300 W. 110th Street, Suite 930 | 7300 W. 110th Street, Suite 930 |
| Overland Park, KS 66210 | Overland Park, KS 66210 |
| **Phone:** 913-498-1911 | **Phone:** 913-338-7182 |
| **Fax:** 913-498-1950 | **Fax:** 913-338-7164 |
| **Email:** charlie@hylandkc.com | **Email:** ded@ddoherty.net |
| **Bar:** CH-2561 | **Bar:** Pro Hac Motion to be Filed |

*Attorneys for Plaintiff*

# United States District Court
## for the
## Southern District of New York

| | |
|---|---|
| Revive Investing LLC<br><br>*Plaintiff*<br><br>v.<br><br>FBC Holdings S.á.r.l.<br><br>*Defendant*<br>and<br>Sphere 3D Corp.<br><br>*Nominal Defendant* | **ECF Case**<br><br>**No:** 1:20-CV-00618<br><br>**Jury Trial Demanded**<br><br>Complaint |

## Complaint

Revive Investing, LLC ("Revive" or "Plaintiff"), by and through its attorneys, brings this Complaint under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78p(b), against FBC Holdings S.á.r.l. ("FBCH" or "Defendant"), and Sphere 3D Corp. ("Sphere3D" or "Nominal Defendant").

Plaintiff is a stockholder of Sphere3D and respectfully alleges the following on information and belief, except as to paragraph 1, which Plaintiff alleges on personal knowledge.

## The Parties

**1.** Revive is a limited liability company formed under the laws of Texas, and is a holder of the common stock of Sphere3D. Revive acts as plaintiff solely in a representative capacity to vindicate the rights of Nominal Defendant Sphere3D and not on its own behalf.

**2.** Nominal Defendant Sphere3D is a Canadian corporation headquartered in Ontario, Canada, is the issuer of the securities that are the subject matter of this suit, and is the real party in interest with respect to the Plaintiff's claims. Sphere3D is included as a nominal defendant solely for the purpose of having all relevant parties before the court. Sphere3D can be served through its registered agent at:

>C T Corporation System
>28 Liberty St.
>New York NY 10005

**3.** Defendant FBCH is a Luxembourg company managed from offices located in the state of New York at the following address:

>FBC Holdings S.á.r.l.
>65 East 55th Street, 35th Floor
>New York, NY 10022

## Jurisdiction and Venue

**4.** Because this action arises under Exchange Act Section 16(b), 15 U.S.C. § 78p(b), this court has exclusive subject matter jurisdiction without regard

2

to the amount in controversy or the parties' citizenship under Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

**5.** This court has personal jurisdiction over the defendants because they have transacted business within the State of New York and within the district.

**6.** This court is proper venue for this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because the actions that constitute the violations occurred, at least in part, within the district.

## Statutory Prerequisites

**7.** The short-swing trades described herein involve non-exempt transactions in non-exempt securities by non-exempt persons within the meaning of Section 16(b) of the Exchange Act.

**8.** Plaintiff's counsel made demand on Sphere3D for prosecution of these claims on October 17, 2019.

**9.** Sphere3D declined to take action with respect to the transactions set forth in this complaint and made no communication to Plaintiff as of the date of this Complaint.

**10.** Revive is a shareholder of Sphere3D and, as such, has a statutory right to bring this action to recover short-swing profits on behalf of Sphere3D pursuant Section 16(b) of the Exchange Act, 15 U.S.C. § 78p(b).

## Facts Common to All Counts

**11.** This complaint alleges insider trading by FBCH through transactions in the common stock of Sphere3D (the "Common Stock") entered into between February 21, 2018, and May 16, 2018, the details of which are set forth below. Unless otherwise stated, the phrase "all times relevant to this action" in this Complaint refers to the period between and including those dates.

12. At all times relevant to this action, the Common Stock was traded on the NASDAQ.

13. At all times relevant to this action, the Common Stock was traded on the NASDAQ under the symbol "ANY".

14. At all times relevant to this action, the Common Stock was registered pursuant to Section 12 of the Exchange Act.

15. At all times relevant to this action, the Common Stock was a class of Sphere3D's equity securities.

16. At all times relevant to this action, FBCH was the beneficial owner of more than 10% of the Common Stock of Sphere3D.

17. At all times relevant to this action, ownership of FBCH was collectively owned 100% by the following entities:

   1. Cyrus Opportunity Master Fund II Ltd, a Cayman corporation ("CMFII"),

   2. Cyrus Select Opportunities Master Fund, Ltd, a Cayman corporation ("CSOM"),

   3. CRS Master Fund, LP, a Cayman limited partnership ("CRS"),

   4. Crescent 1, LP, a Delaware limited partnership ("CRES", and together with CMFII, CSOM, and CRS, the "Cyrus Funds"), and

   5. Cyrus Europe Master Fund, Ltd ("CEMF"),

18. At all times relevant to this action, Cyrus Capital Partners, L.P., a Delaware limited partnership ("Cyrus Capital"), was the manager of FBCH.

19. At all times relevant to this action, Cyrus Capital was the investment manager of each of the Cyrus Funds.

20. At all times relevant to this action, Cyrus Capital Advisors, LLC, a Delaware limited liability company ("Cyrus Advisors"), was the general partner of CRS and CRES.

**21.** At all times relevant to this action, Cyrus Capital Partners GP, LLC, a Delaware limited liability company ("Cyrus GP"), was the general partner of Cyrus Capital.

**22.** At all times relevant to this action, Stephen C. Freidheim, an individual resident of the state of Connecticut ("Freidheim") was the manager of Cyrus GP.

**23.** At all times relevant to this action, Freidheim was the manager of Cyrus Advisors.

**24.** The FBCH, the Cyrus Funds, Cyrus Capital, Cyrus Advisiors, Cyrus GP, and Freidheim (the "Cyrus Group") constitiute a "group" with respect to investment in Sphere3D within the meaning of Rule 13d-5(b)(1), 17 C.F.R. § 240.13d-5(b)(1).

**25.** At all times relevant to this action, the Cyrus Group was the beneficial owner of more than 10% of the Common Stock of Sphere3D.

TRANSACTIONS

**26.** On a Form 4 filed by the Cyrus Group on February 23, 2018, the Cyrus Group reported a sale by FBCH of 196,725 shares of Common Stock on February 21, 2018, at a prices between $2.39560 and $2.64470 per share. A copy of the Form 4 is attached as Exhibit A

**27.** On the same Form 4, the Cyrus Group reported a sale of 212,490 shares of Common Stock on February 22, 2018, at a price of $2.2105 per share by the following entities:

| | |
|---|---:|
| CMFII | 18,934 |
| CRS | 6,058 |
| CRES | 6,961 |
| CSOM | 3,057 |
| FBCH | 177,480 |
| **Total** | **212,490** |

**28.** On the same Form 4, the Cyrus Group reported a sale by FBCH of 200,000 shares of Common Stock on February 22, 2018, at a price of $2.2069 per share.

**29.** On a Form 4 filed by the Cyrus Group on May 15, 2018, the Cyrus Group reported that FBCH acquired 200,181 shares of Common Stock from Sphere3D at a price per shares of $0.4292 "in lieu of interest owed to [FBCH] by [Sphere3D] under that certain 8% Senior Secured Convertible Debenture". A copy of the Form 4 is attached as Exhibit B.

**30.** On the same Form 4, the Cyrus Group reported that FBCH acquired 259,240 shares of Common Stock from Sphere3D at a price per share of $0.4292 "in consideration of the partial payment of the fourth installment payment of $183,750 owed by [Sphere3D] to [FBCH] · · · The remaining balance of the fourth installment payment was settled by [Sphere3D] in cash."

**31.** The transaction described in paragraph 29 constituted a purchase at a price of $0.4292 per share of 200,181 shares of Common Stock for purposes of Section 16(b).

**32.** The transaction described in paragraph 30 constituted a purchase at a price of $0.4292 per share of 259,240 shares of Common Stock by FBCH for purposes of Section 16(b).

**33.** By virtue of Section 16(b) of the Exchange Act, FBCH is accountable to Sphere3D for any profit realized plus interest and costs.

**34.** Based on the foregoing, FBCH realized a profit from the transactions alleged herein. For each share of Common Stock purchased by FBCH, a corresponding sale of Common Stock was made at a higher price by FBCH within a period of less than six months. For the purpose of calculating the profits FBCH realized by virtue of his short-swing trades, the Securities and Exchange Commission (the "SEC") endorses the "lowest-in, highest-out" approach:

> Profit is computed by matching the highest sale price with the lowest purchase price within six months, the next highest sale price with the next lowest purchase price within six months, and so on, until all shares have been included in the computation.

SEC Release No. 34-18114 n. 102 (1984).

**35.** Using the lowest-in, highest-out method, FBCH has realized illicit profits in

the amount of at least $878,975.75, as a result of short-swing trading activity during the two-year period ending on the date of this Complaint.

**36.** The precise amount of short-swing profit is unknown and should be determined on an accounting.

Count I
Section 16(b)

**37.** Plaintiff incorporates by reference all allegations of the previous paragraphs as if fully stated herein.

**38.** As result of these transactions Sphere3D is entitled to all profits realized by FBCH resulting from short-swing trading during all periods not barred by the relevant statute of limitations in an amount of at least $878,975.75.

**39.** Sphere3D is entitled to interest on the profits realized by them calculated from the date the profits were realized.

WHEREFORE, Plaintiff demands judgment against FBCH as follows:

(a) For recovery from FBCH of all profits resulting from their short-swing trades in Sphere3D Common Stock in violation of Section 16(b) of the Exchange Act during all periods not barred by the statute of limitations in an amount of at least $878,975.75;

(b) For interest on the amount of profits recovered, calculated from the time FBCH realized the profits;

(c) For its reasonable attorney's fees;

(d) For its costs; and

(e) For such other and further relief as the Court deems just.

## Count II
### Accounting

**40.** Plaintiff incorporates by reference all allegations of paragraphs 1 through 36 above as if fully stated herein.

**41.** Plaintiff, in order to fully evaluate its claim, requires an accounting from FBCH of all transactions in the equity securities of Sphere3D from the date two years preceding the filing of this Complaint to the present.

Wherefore, Plaintiff demands an accounting from FBCH with respect to their transactions in the equity and derivative securities of Sphere3D.

Respectfully submitted,

Date: 2020-01-23

Respectfully submitted,

By: ......................................
Charles J. Hyland (CH-2561)

......................................
Daniel E. Doherty
Attorneys for Plaintiff