```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
REVIVE INVESTING LLC,                          :

                Plaintiff,                     :     ORDER

        -v.-                                   :
                                                     20 Civ. 00618 (ALC) (GWG)
FBC HOLDINGS S.A.R.I,                          :

                Defendant.                     :

and                                            :

SPHERE 3D CORP.,                               :

                Nominal Defendant.             :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This matter is before the court on defendant's motion for summary judgment. (Docket #32). Defendant argues summary judgment is appropriate because of the existence of a settlement agreement reached among shareholders, the defendant and Sphere 3D Corp. purporting to settle the claims raised in the complaint, which assert that the defendant engaged in prohibited "short-swing" transactions. (Docket # 34).

      For purposes of this Order, we will assume, arguendo, that the Court would reject plaintiff's argument that the settlement agreement did not cover all of the trades in the complaint. (Docket # 40 at 6-9). Nonetheless, the parties' briefing is unclear as to what standard the Court should use to conduct an evaluation of the settlement agreement.

      While the defendants' brief states the unremarkable proposition that public policy favors enforcement of settlement agreements in the absence of fraud and other factors not relevant here (Docket # 34 at 20-21), it also adverts to the possibility that the Court must inquire as to whether there was a "genuine dispute about the liability" (id. at 19); whether the parties acted in "good faith," (id. at 19, 20); and/or whether the settlement is "fair, reasonable and adequate" (id. at 21-24). For its part, the plaintiff never clearly explains what standard it believes the Court should apply.

      Additionally, the plaintiff's opposition made arguments attacking the merits of the two main defenses asserted by the defendants against the alleged short-swing transactions. (Docket # 40 at 11-13). But the defendant's reply brief never responded to these arguments, even though many, if not all, of the standards it proposed for review of the settlement agreement would require the Court to examine the merits of the claims and of its defenses.

      In light of these gaps in briefing, it is hereby ORDERED that on or before November 18, 2020,

(1) the defendant shall file a supplemental memorandum of law that addresses (a) what standard a court should use to evaluate a settlement agreement that is offered as a bar to a shareholder action under section 16(b); and (b) responds to the arguments made by plaintiff as to the merits of the two potential defenses asserted by defendant (Docket # 40 at 11-13); and

(2) the plaintiff is directed to file a supplemental memorandum of law that addresses what standard a court should use to evaluate a settlement agreement that is offered as a bar to a shareholder action under section 16(b).

If a party wishes to file a response, it may do so by means of a letter or memorandum of law filed by November 25, 2020.

With regard to question (1)(a)/(2) above, the Court will find it helpful for the parties to include in their discussion (A) an explanation of what standard is applied where a lawsuit brought by a shareholder under 15 U.S.C. § 78p(b) results in a proposed settlement that is presented to a court for approval; and (B) why as a matter of logic this standard should not be applied by the Court in the instant case to determine whether to give effect to the prior settlement.

      SO ORDERED.

Dated: November 9, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge