USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

REVIVE INVESTING LLC,

                **Plaintiff,**

    -against-

FBC HOLDINGS S.A.R.L.,

                **Defendant,**

and

SHERE 3D CORP.,

                **Nominal Defendant.**

----------------------------------------------------------------------- x

20-cv-618 (ALC) (GWG)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

On January 23, 2020, Plaintiff Revive Investing LLC ("Plaintiff" or "Revive") brought this suit against FBC Holdings S.A.R.L. ("Defendant" or "FBC") and Sphere 3D Corp. ("Nominal Defendant" or "Sphere") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78p(b), alleging that Defendant violated Section 16(b) when it sold and purchased certain stocks between February and May 2018. FBC eventually moved for summary judgment. This motion was referred to United States Magistrate Judge Gabriel W. Gorenstein, who issued a Report & Recommendation (the "R&R"), recommending that the Court grant FBC's motion for summary judgment.[1]  Revive subsequently filed objections to the R&R (the "Objections") and FBC filed a response to Revive's Objections. For the reasons set forth below, the Court **ADOPTS** the R&R in its entirety.

---

[1] This case and instant motion was initially referred to the so designated magistrate judge, Hon. Sarah Netburn. ECF No. 24, 44. However, the case was redesignated to Magistrate Judge Gabriel W. Gorenstein on October 2, 2020 and thus the case and instant motion were referred to him.

**BACKGROUND**

The Court assumes familiarity with the background and procedural history as set forth in the R&R and briefly recounts facts relevant to the present Objections.

Revive is a shareholder of Sphere, which in turn is partially owned by FBC (10% beneficial owner). FBC lent Sphere $19.5 million through an 8% Senior Secured Convertible Debenture in December 2014. *See* 8% Senior Secured Convertible Debenture, Rappaport Decl., Ex. I. This Senior Secured Convertible Debenture was amended twice: once on April 6, 2016, *see* Second Amendment to 8% Senior Secured Convertible Debenture, Rappaport Decl., Ex. J. ("Second Amendment"); and again on March 30, 2018, *see* Third Amendment to 8% Senior Secured Convertible Debenture, Rappaport Decl., Ex. K ("Third Amendment").

The Third Amendment required both payment of interest and the payment of an extension fee in installments on dates set out in the Third Amendment. *Id.* §§ 2.2, 2.3. The interest consisted of interest that had already accrued as well as interest on the Third Amendment. *Id.* § 2.3. The Third Amendment provided that "at its option," Sphere could pay both the extension fee and interest with shares of common stock instead of cash. *Id.* §§ 2.2, 2.3. Payment under the Third Amendment was due on May 31, 2018. *Id.* § 1.1(a).

FBC reported acquisitions of Sphere stock through this manner four times between March through May 2018. April 3, 2018 Statement of Changes in Beneficial Ownership of Securities, Rappaport Decl., Ex. M; April 18, 2018 Statement of Changes in Beneficial Ownership of Securities, Rappaport Decl., Ex. N; May 1, 2018 Statement of Changes in Beneficial Ownership of Securities, Rappaport Decl., Ex. O; May 17, 2018 Statement of Changes in Beneficial Ownership of Securities, Rappaport Decl., Ex. P. FBC had also reported multiple sales of Sphere stock in February 2018. February 23, 2018 Statement of Changes in

Beneficial Ownership of Securities, Rappaport Decl., Ex. L. Revive alleges that these transactions constituted violations of Section 16(b)'s short-swing profit rule, Amended Complaint, ECF No. 20, ¶¶ 29-43 ("Am. Compl."), which provides that "corporate insiders," including 10% beneficial owners of stock, who engage in the purchase and sale, or sale and purchase, of the corporation's stock within a six-month period must disgorge any profit to the corporation. 15 U.S.C. § 78p(b).

In April 2018, Miriam Tauber and David Lopez, counsel for two Sphere shareholders (respectively), contacted Sphere demanding that Sphere investigate these alleged short-swing trades by FBC. Tauber Decl. ¶ 2; Lopez Decl. ¶ 2; Rappaport Decl., Exs. C, G. Daniel Doherty, counsel for Revive, also contacted Sphere in April 2018. Doherty Decl. ¶ 3; *id.*, Ex. B. After receiving these letters, Sphere conducted an investigation into the alleged short-swing transactions. Rappaport Decl., Ex. E ("Sphere Letter"). At the end of its investigation, Sphere notified Ms. Tauber (who was also "serving as point person" for the demand letter sent by Mr. Lopez) that it had decided against pursuing litigation for the alleged short-swing profits. *Id.* at 3. It cited possible defenses by FBC, the costs of litigation, and the amount of money at issue as the reasons for deciding not to pursue litigation. *Id.* at 2-3. Sphere advised Ms. Tauber that she should contact FBC's counsel directly if she still intended to pursue litigation. *Id.* at 3. Ms. Tauber subsequently engaged with FBC's counsel directly regarding their demands. Tauber Decl. ¶ 5; Lopez Decl. ¶ 5.

After more than three months of settlement negotiations, in November 2018, FBC, Sphere, Ms. Tauber, and Mr. Lopez entered into a settlement agreement ("Settlement Agreement"). Rappaport Decl. ¶¶ 2-4; Tauber Decl. ¶¶ 5-6; Lopez Decl. ¶¶ 5-6; *see also* Settlement Agreement, Rappaport Decl., Ex. B ("Settlement Agreement"). The Settlement

Agreement purported to settle Sphere's alleged short-swing profit claim against FBC for $300,000, Settlement Agreement at 1-2, which was paid by forgiving $300,000 of Sphere's debt owed on the loan. Pulick Decl. ¶¶ 4, 6-7; Acknowledgment Letter, Pulick Decl., Ex. A § 1. In the Settlement Agreement, Sphere released FBC "from . . . all liability and damages . . . arising from the Transactions identified in the Shareholder demands, or other Transactions through which [FBC] received [Sphere] shares in connection with the pay-down of loan debt, reported by [FBC] through the date of [the] Agreement" on behalf of itself and all its shareholders (the "Release"). Settlement Agreement ¶ 3.[2]

Revive brought the instant action after Sphere failed to respond to its initial demand letter as well as a subsequent demand letter. Doherty Decl. ¶¶ 3, 5, 7.

### A. Magistrate Judge Gorenstein's Report and Recommendation

After significant briefing from the parties, including the parties' initial summary judgment briefing, ECF Nos. 34, 40, 42, and subsequent supplemental briefing requested by Judge Gorenstein, ECF Nos. 46-49, 52-53, Judge Gorenstein issued an R&R recommending that this Court grant FBC's motion for summary judgment on January 7, 2021. ECF No. 54. Judge Gorenstein concluded that (1) the Release applied to all the alleged short-swing transactions because the Release covered all "Transactions through which [FBC] received Sphere 3D shares *in connection with* the pay-down of loan debt," and thus covered shares used to pay interest and extension fees, R&R at 9-11 (emphasis added); (2) that "any evaluation of a settlement under Section 16(b) must seek to determine if it is fair, reasonable and adequate," R&R at 15; and (3) that under that standard and applying the factors laid out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), the settlement was fair, reasonable and adequate and thus, it barred

---

[2] FBC is managed by Cyrus Capital Partners, L.P. Am. Compl. ¶ 19. The Settlement Agreement references Cyrus Capital Partners, L.P., FBC, and their affiliates as "Cyrus Capital." Settlement Agreement at 1.

4

Revive's 16(b) claim, R&R at 21. Specifically, Judge Gorenstein found that "the settlement was the product of arms-length negotiations between FBC and experienced Section 16(b) counsel," R&R at 17, and that the settlement amount was justified by FBC's "debt exception defense," R&R at 18.

### B. Revive's Objections to the R&R

Revive filed Objections to Judge Gorenstein's R&R on January 21, 2021. ECF No. 55. They objected to Judge Gorenstein's R&R on two grounds: (1) that Judge Gorenstein misconstrued a letter agreement between FBC and Sphere as "forgiving $300,000 of *Sphere's* debt owed on the loan," and that FBC "should be required to prove what benefit the Letter Agreement provided to Sphere []" before being credited with "disgorging $300,000" in the Settlement Agreement, Objections at 3-5; and (2) that Judge Gorenstein misapplied the "independence" requirement of the "prior debt" exemption, *id.* at 5-7.

### C. FBC's Response to Revive's Objections

FBC responded to Revive's Objections on February 4, 2021. ECF No. 56 ("Objections Resp."). They argued that Revive's Objections lacked merit because the Settlement Agreement provided consideration in the amount of $300,000, Objections Resp. at 4-7; and because contrary to Plaintiff's assertion regarding the "independence" requirement, the "Debt Previously Contracted Exemption" was a "credible and dispositive defense[]" which "warrants enforcement of the Settlement," *id.* at 7-9.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See*

*Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing to *Anderson*, 477 U.S. at 255).

When reviewing a Magistrate Judge's report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). While a district judge has "discretion to consider additional *evidence* after a magistrate judge has issued her report," the judge "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (emphasis in original) (collecting cases). "[T]o the extent that the objecting party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-

6

6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008)) (internal quotation marks and alterations omitted); *see also Ortiz*, 558 F. Supp. 2d at 451 ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'") (citation omitted). The court may also adopt those portions of a report and recommendation to which neither party timely objects, as long as there is no clear error on the face of the record. *DiPilato*, 662 F. Supp. 2d at 339 (citations omitted).

## DISCUSSION

The Court finds that Revive's Objections are without merit. Revive's first objection is that Magistrate Judge Gorenstein misconstrued a letter agreement between FBC and Sphere as "forgiving $300,000 of *Sphere's* debt owed on the loan." Objections at 3. According to Plaintiff, Judge Gorenstein misconstrued this letter agreement because the loan was owned by Overland Storage, Inc. ("Overland"), a wholly owned Sphere subsidiary, and Sphere was merely a guarantor of the loan to Overland. *Id.* at 3. Furthermore, Sphere had been under contract to sell all its Overland shares to Silicon Valley Technology Partners, Inc. ("SVTP") since February 2018. *Id.* at 4. Plaintiff asserts that the issue is whether the reduction of Overland's debt (and relief of Sphere's guaranty obligation) "resulted in an equivalent, or any, benefit to Sphere [] itself" given Sphere's impending sale of Overland shares to SVTP. *Id.* at 4. In making this argument, Plaintiff seems to suggest that the Settlement Agreement provided no consideration in return for the Release provided therein. However, Revive forfeited this argument by not raising it before Judge Gorenstein. "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate judge but were not." *United States v. Gladden*,

394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)), *adopting in part, rejecting in part report & recommendation*, 2019 WL 6718893. Plaintiff had the opportunity to raise this issue when Defendant filed a supplemental memorandum of law on December 18, 2020 addressing the Settlement consideration, but did not do so, despite the fact that Judge Gorenstein invited Plaintiff to do so. *See* ECF No. 50. The Court therefore deems this argument forfeited.

Plaintiff's second objection is that Judge Gorenstein misapplied the "independence" requirement of the "prior debt" exemption. The Court disagrees. Judge Gorenstein found that the settlement was "fair, reasonable and adequate," in part because Defendant's "debt exception defense" justified the settlement amount. R&R at 18, 21. That exception refers to Section 16(b)'s statutory exception to liability. Section 16(b) states that its prohibition of short-swing trades does not apply to transactions involving a security that "was acquired in good faith in connection with a debt previously contracted[.]" 15 U.S.C. § 78p(b). To qualify for this exception, "the debt at issue must constitute an obligation to pay a fixed sum certainly and at all events, and be a matured debt which existed apart from any existing obligation to transfer the securities[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 43-44 (2d Cir. 2012) (citation and internal quotation marks omitted). Judge Gorenstein found that "while payment was not due as to the principal of the loan, payment was due for the interest and extension fees on the loan . . . [a]nd these payments are the only amounts that were actually paid to FBC in stock." R&R at 19. Therefore, the maturity requirement was met for the extension fees and interest on the loan.

Plaintiff does not dispute that the maturity requirement was met for the extension fees and the interest on the loan. Objections at 5. Rather, Plaintiff contests whether the "independence" requirement that the debt "exist[] apart from any existing obligation to transfer

8

[] securities" was met for the extension fees. *Id*. at 5, 7. According to Plaintiff, "the Third Amendment itself . . . imposed on Sphere [] an obligation to pay the [extension] fee, and it allowed Sphere [] to pay the fee by delivering shares of its stocks. The obligation to do so was not 'previously contracted' and thus fails the independence test." Objections at 6.

The cases cited by Defendant do not offer much in way of support for Defendant's assertions.[3] Instead, these cases support the conclusion that the exemption is only applicable where the obligation is "independent of the obligation to deliver the *very* stock involved in the purchase." *Heli-Coil Corp. v. Webster*, 352 F.2d 156, 169 (3d Cir. 1965) (quoting *Varian Assocs. v. Booth*, 224 F. Supp. 225, 227 (D. Mass. 1963), *aff'd*, 334 F.2d 1 (1st Cir. 1964), *cert. denied*, 379 U.S. 961 (1965)) (emphasis added) (internal quotation marks omitted). In other words, the exemption is inapplicable where a buyer acquired stock pursuant to a contract "in which the seller . . . [has] a firm obligation to deliver the stock at some future date, and the buyer . . . [has] a corresponding obligation to pay for the stock at a future date in money or other property." 334 F.2d at 5 (quoting *Varian Assocs.*, 224 F. Supp. at 227)) (internal quotation marks omitted). That is not the situation we have here. Rather, the Third Amendment provided Sphere with the option[4]

---

[3] *See Heli-Coil Corp. v. Webster*, 352 F.2d 156 (3d Cir. 1965) (concluding that conversion of convertible debentures to common stock later sold was not exempt from Section 16(b)); *Booth v. Varian Assocs.*, 334 F.2d 1 (1st Cir. 1964) (finding that acquisition of stocks pursuant to contract sold less than six months later was not exempt from Section 16(b)), *cert. denied*, 379 U.S. 961 (1965); *Rheem Mfg. Co. v. Rheem*, 295 F. 2d 473 (9th Cir. 1961) (finding that Section 16(b) "prior debt" exemption applied where a defendant acquired shares "in connection with his interest as a participant in plaintiff's employee's Incentive Bonus Plan and Trust" and then transferred them to a bank he was indebted to); *Smolowe v. Delendo Corp.*, 136 F.2d 231, 239 (2d Cir. 1947) (finding that defendant's payment of a debt owed to another defendant using stock was correctly exempt from Section 16(b), but that the acquisition of those stocks in order to pay off that debt was not), *cert. denied*, 320 U.S. 751 (1943); *Park & Tilford, Inc. v. Schulte*, 160 F.2d 984, 987 (2d Cir. 1947) (conversion of preferred stock into common stock followed by a sale not exempt from Section 16(b) "since the exception is clearly inapplicable to anything except transactions in connection with actual debts"), *cert. denied*, 332 U.S. 761; *Blau v. Ogsbury*, [1952-56] Fed.Sec.L.Rep. (CCH) ¶ 90,635 at 91,931 (S.D.N.Y. 1953) (finding that option to purchase stocks or "promise to deliver the stock upon payment" was not "an actual debt" such that exercising option to purchase stocks and later sale was not exempt from Section 16(b)).
[4] In reaching the conclusion that the independence requirement was met, Judge Gorenstein reasoned that there was no "obligation to transfer securities" at all because Sphere could choose whether it would pay the debt using stocks. While this is certainly a factor, as explained above, we do not think this is the sole basis for finding that the independence requirement was met.

9

to pay its debt to FBC in the form of stocks, which was completely unrelated to Sphere's acquisition of those same stocks. In any event, as Judge Gorenstein noted, the Court need not "definitively decide if FBC would prevail under this exception. It is enough to conclude that the defense was strong enough that FBC could view the Section 16(b) claim as having minimal value . . . in light of the strength of this defense." R&R at 21; *see also Schimmel v. Goldman*, 57 F.R.D. at 481, 484 (S.D.N.Y. 1973); *Lewis v. Levinson*, No. 77-cv-1481, 1978 WL 1087 at *1 (S.D.N.Y. 1978); *Lewis v. Chapman*, 416 F. Supp. 855, 857 (S.D.N.Y. 1976). Keeping that in mind, we conclude that this defense was strong enough such that it raised substantial enough questions to justify the relatively low settlement amount, and in turn, conclude that the Settlement Agreement was "fair, reasonable and adequate."

The Court reviews the remainder of the Report and Recommendation for clear error. Finding no clear error, the Court **ADOPTS** the Report and Recommendation in full.

**SO ORDERED.**

**Dated: February 25, 2021**
      **New York, New York**

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**